(132 So. 705)

### SIMPSON v. STATE.
### 8 Div. 129.

Court of Appeals of Alabama.
March 3, 1931.

D. L. Rosenau, Jr., of Athens, for appellant.

Thomas E. Knight, Jr., Atty. Gen., for the State.

**BRICKEN, P. J.**

In the court below this appellant was convicted under count 2 of the indictment which charged him, in proper form and substance, with the offense of unlawfully possessing a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

The corpus delicti was fully proven without dispute. The presence at the still in the nighttime of this appellant was also an undisputed fact and that he fled therefrom at the approach of the officers and was later apprehended and arrested was also admitted.

The sufficiency of the evidence to sustain the conviction of appellant is the principal insistence for a reversal on this appeal. The trial court held that the evidence presented a jury question and refused the affirmative charge requested; and also overruled the motion for a new trial to which action an exception was duly reserved.

We fully accord to the rulings of the court in these matters and hold there was no error of a reversible nature pending the entire trial. It is true the state relied partly upon circumstantial evidence for a conviction, but as has often been stated, the same rules of evidence apply in a case of this character as in all other criminal cases, hence a conviction for the offense here charged may be had upon circumstantial evidence when such evidence meets the required measure of proof.

In this case the contraband still was found by the officers located in some woods within about 200 yards from appellant's house. Several paths led from the still to the home of this appellant. A particular class of wood was found at the still and the same kind of wood at the defendant's home. This appellant was seen at the still, alone, by the officers and at the time had a bucket in his hands and took some beer from one of the barrels. The still itself consisted of a metal oil drum from which the heads had been cut out and wooden heads placed in the drum, or still, and on the next day after the arrest of the defendant the night before, the officers made a search of his premises and found in his yard in close proximity to his chicken house and residence, two drum heads of the kind that had been cut from the still, and these heads were by the officers taken to the still place and they fitted into head of the still exactly as testified to by the officers who made the experiment. All this, coupled with the flight of the accused, and his explanation of the wood, drum heads, etc., presented a jury question, and from this testimony we think the jury were fully warranted in basing its verdict.

Refused charge A was properly refused. This charge was not only fairly and substantially covered by the excellent oral charge of the court, but laid too much emphasis upon the testimony of the defendant and pretermitted a consideration by the jury of the other evidence adduced upon the trial.

The record is regular in all things. Affirmed.